UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARBARA FRANCESKI,

        Plaintiff,

    v.

FREEDOM MORTGAGE CORPORATION
and NYCB MORTGAGE COMPANY,
LLC,

        Defendants.

Civil No. 18-13945

OPINION

**APPEARANCES:**

ROBERT A. FAGELLA
ZAZZALI, FAGELLA & NOWAK, KLEINBAUM & FRIEDMAN, PC
570 BROAD STREET
SUITE 1402
NEWARK, NJ 07102

    *Attorney for Plaintiff Barbara Franceski.*

ADRIA MARIE LAMBA
HOLLAND & KNIGHT, LLP
2929 ARCH STREET, SUITE 800
PHILADELPHIA, PA 19104

    *Attorney for Defendant Freedom Mortgage Corporation.*

**HILLMAN**, District Judge

    This case concerns an alleged violation of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601, et seq. ("RESPA") and a breach of contract by Defendants in relation to payment of property taxes.  Presently before the Court is Defendant Freedom Mortgage Corporation's ("FMC" or "Freedom") Motion to Lift Stay and Transfer.  For the reasons stated

herein, this Court will grant Freedom's motion.

## BACKGROUND

The relevant factual and procedural history of this matter as well as the related litigation in the Harrell and Chittick Actions is set forth in this Court's previous Opinion, Franceski v. Freedom Mortg. Corp., No. 18-13945, 2019 WL 2636740 (D.N.J. June 27, 2019), and need not be fully repeated. Freedom previously filed a motion seeking to transfer this matter to the United States District Court for the Eastern District of Virginia. Its motion was based on the "first-filed rule" and the pendency of two cases with identical allegations, the Harrell and Chittick Actions, that were filed prior to the commencement of this action.

Since then, these two related actions have been consolidated in the Eastern District of Virginia under docket number 1:18-cv-01034-AJT-MSN (the "Consolidated Action"). In opposition to Freedom's previous motion, Plaintiff, in part, argued transfer was improper because in the Harrell Action Freedom took the position that the Eastern District of Virginia lacked personal jurisdiction over non-Virginia resident members of the putative class. This Court agreed in part with Freedom and held that the first-filed rule was applicable to this matter. Franceski, 2019 WL 2636740, at *5. The Court ultimately found the only option it had at the moment was to

stay this action until the Eastern District of Virginia decided the personal jurisdiction issue because transfer of this action, dismissal of this action, and proceeding with this action were all inappropriate at the moment. Id. at *6. This Court reasoned that was because none of those actions served the policy reasons of the first-filed rule. Id. This Court explained that "[a]t its core, this Court's action is contingent on the Eastern District of Virginia's decision on personal jurisdiction." Id. This Court further held:

> A stay allows for simple disposition of this case once the personal jurisdiction question is decided. If the Eastern District of Virginia decides this question in favor of Plaintiff, then there are various ways in which this case may be terminated or transferred to join the Harrell and Chittick Actions. If the Eastern District of Virginia decides this question in favor of FMC, then the parties may reopen the case here and proceed with litigation – without fear of the statute of limitations barring the case.

Id.

On November 13, 2020, Freedom filed its Notice of Withdrawal and Waiver of Personal Jurisdiction Argument Concerning Non-Virginia Resident Putative Class Members (the "Waiver") in the Consolidated Action. Freedom has filed the instant motion arguing transfer is now warranted because the "personal jurisdiction issue has now been resolved in favor of Plaintiffs in the Consolidated Action by Freedom's filing of a waiver and withdrawal of the personal jurisdiction issue." (ECF

3

No. 27-2 at 2.) Freedom's Motion to Lift Stay and Transfer has been fully briefed. Therefore, the motion is ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.

### B. Defendant Freedom's Motion to Lift Stay and Transfer

In this Court's previous opinion, it stayed this action pending decision in the Harrell and Chittick Actions regarding the personal jurisdiction position asserted by Freedom and explained "the parties may move to reopen this action at any appropriate time." Franceski, 2019 WL 2636740, at *7. Freedom filed the present motion arguing now is the appropriate time for the Court to reopen this action and transfer it to the Eastern District of Virginia where it can be consolidated with the Consolidated Action because the personal jurisdiction has been resolved by Freedom's Waiver and withdrawal of the defense in the Consolidated Action.

In response, Plaintiff argues Freedom's motion is premature because Freedom raises similar defenses to Plaintiff's motion for nationwide certification in the Harrell action and that the "scope and applicability of the *Harrell* 'waiver' has yet to be resolved in the *Chittick/Harrell* case." (ECF No. 31 at 7.) More

4

specifically, Plaintiff argues the personal jurisdiction issue remains unresolved and that it has not yet been established that Freedom's Waiver applies to anyone but the named plaintiff, Mr. Harrell. (Id. at 8.)

Freedom responds that Plaintiff's argument ignores the express language of the Waiver, which states, "Freedom will not maintain that the Eastern District of Virginia lacks personal jurisdiction over non-Virginia resident members of a putative nationwide class." (ECF No. 32 at 5.) Freedom argues this matter should now be reopened and transferred to the Eastern District of Virginia because "it is undisputed that this Court previously refrained from transferring this case to the Eastern District of Virginia because, in the Harrell Action(including in opposition to a class certification motion), Freedom had taken the position that the Eastern District of Virginia lacked personal jurisdiction over non-Virginia resident members of the putative class based on Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (2017)." (Id. at 2.) This Court agrees with Freedom.

At the time this Court issued a stay, this Court acknowledged in the Harrell action the court dismissed the case for failure to state a claim and failed "to address the merits of the class certification motion or the merits of the personal jurisdiction arguments asserted by FMC." Id. at *1. Despite

5

the Harrell court's failure to address the merits of the personal jurisdiction and the class certification motion, the language of this Court's prior Opinion is clear.  The matter was stayed pending resolution of the personal jurisdiction argument raised by Freedom and such "a stay allows for simple disposition of this case once the personal jurisdiction question is decided."  Id. at *6 ("At its core, this Court's action is contingent on the Eastern District of Virginia's decision on personal jurisdiction.")  This Court explicitly recognized that if the personal jurisdiction issue was resolved in favor of Plaintiff then "there are various ways in which this case may be terminated or transferred to join the Harrell and Chittick Actions."  Id.  Accordingly, this Court agrees with Freedom that as long as the personal jurisdiction is resolved, then the matter should be reopened and transferred to the Eastern District of Virginia.

This Court further concludes that Freedom's Waiver resolves the personal jurisdiction issue.  Personal jurisdiction objections can be waived.  See Fed. R. Civ. P. 12(h); Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); Ramada Worldwide, Inc. v. Columbia SC Hosp., LLC, No. 17-13020, 2018 WL 3105421, at *3 (D.N.J. June

6

25, 2019)(quoting Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc., 105 F. Supp. 2d 370, 374 (D.N.J. 2000) ("Personal jurisdiction can be waived by the parties."). Freedom's Waiver states, in relevant part,

> Freedom hereby withdraws and waives the personal jurisdiction arguments that it made in the Harrell Action, as described above in paragraph 5. This withdrawal and waiver applies also to the Consolidated Action, including the Chittick Action. Freedom will not maintain that the Eastern District of Virginia lacks personal jurisdiction over non-Virginia resident members of a putative nationwide class.

Plaintiff's argument that this motion is premature because it has not been established whether this Waiver applies to anyone besides Mr. Harrell is directly inconsistent with the express language of the Waiver. Moreover, this Court agrees that Plaintiff's reliance on the Cruson v. Jackson National Life Insurance Co., 954 F.3d 240 (5th Cir. 2020) decision is misplaced because it does not stand for the proposition that a class-action defendant may resurrect a personal jurisdiction defense which it expressly waived at the class-certification stage of the case.

Finally, this Court also does not find Plaintiff's citation to Ford Motor Co. v. Bandemer, 913 N.W.2d 710 (Minn. 2019), cert. granted Jan. 17, 2020 (No. 19-369) persuasive because Plaintiff fails to demonstrate how the Supreme Court's decision

7

in that case would revoke Freedom's Waiver.  The law is clear on this issue: a party may waive personal jurisdiction objections.  Freedom chose to waive this defense with respect to "non-Virginia resident members of a putative nationwide class."  This Court concludes the personal jurisdiction issue that warranted this Court's previous stay has finally been resolved.  Accordingly, and consistent with this Court's prior Opinion, this Court hereby reopens this action and transfers this action to the United States District Court for the Eastern District of Virginia.

## **CONCLUSION**

For the reasons stated herein, Freedom's Motion to Lift Stay and Transfer will be granted.

An appropriate Order will be entered.


Date: February 5, 2021       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.